**Kimberly D. HENDRIX,**
**Plaintiff-Appellant**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA; Wal-Mart Stores, Incorporated; Associates' Health and Welfare Plan, Defendants-Appellees**

No. 16-20750

United States Court of Appeals,
Fifth Circuit.

Filed June 21, 2017

---

Brantly Harris, Houston, TX, for Plaintiff-Appellant

Ian Hugh Morrison, I, Esq., Seyfarth Shaw, L.L.P., Chicago, IL, for Defendant-Appellee Prudential Insurance Company of America

John Gordon Howard, Esq., John Morris Russell, Jr., Esq., Lawrence & Russell, P.L.C., Memphis, TN, for Defendants-Appellees Wal-Mart Stores, Incorporated, Associates' Health and Welfare Plan

Before REAVLEY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM: *

Kimberly D. Hendrix ("Mrs. Hendrix") appeals the motion to dismiss and summary judgment granted against her on her ERISA claims arising out of a life insurance policy originally issued to her husband, Randy Hendrix ("Mr. Hendrix"), by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendant Prudential Insurance Company of America ("Prudential") and the dismissal of her claims against his former employer, Wal-Mart Stores, Inc. ("Wal-Mart") and the Associates' Health and Welfare Plan (the "Wal-Mart Plan"). We AFFIRM.

Mr. Hendrix was employed with Wal-Mart until July 11, 2012. Prudential presented evidence that it sent a letter on July 23, 2012, notifying Mr. Hendrix of his right to convert his Wal-Mart associate term life insurance policy to an individual life insurance policy. Under the terms of the policy, Mr. Hendrix had until August 11, 2012, thirty-one days after he "ceased to be insured for the Associate Term Life Insurance," to indicate whether he would convert his associate term life insurance to individual life insurance. On August 27, 2012, Mr. Hendrix passed away. Because Prudential received no response to its notice of conversion and because Mr. Hendrix passed away outside of a thirty-one-day conversion period, Prudential concluded that Mr. Hendrix both was not covered under the associate term life insurance and had failed to convert his insurance to individual coverage. As such, Prudential denied Mrs. Hendrix's claims for benefits. On September 4, 2012, Prudential sent a letter to Mrs. Hendrix notifying her that "[s]ince Randy Hendrix was not actively employed by Wal-Mart, you are not eligible to claim Life Coverage."

On December 2, 2013, Mrs. Hendrix sent a letter to Prudential requesting "copies of any and all information pertaining to [Mr. Hendrix's] policies." Prudential subsequently sent a letter to Mrs. Hendrix on December 17, 2013, stating that Prudential had "completed [its] evaluation of [Mrs. Hendrix's] claim for [associate] term life insurance" and was "unable to approve this claim." Mrs. Hendrix twice requested reconsideration of Prudential's denial of benefits, but Prudential upheld its decision on both occasions. Mrs. Hendrix eventually filed suit, raising several claims, but she did not prevail. We address those claims raised on appeal.[1]

■ *Failure to Provide Documents.* Under 29 U.S.C. § 1132(c)(1), qualifying individuals may collect penalties if "[a]ny *administrator* ... fails or refuses to comply with a request for any information which such *administrator* is required by this subchapter to furnish." (emphasis added). Mrs. Hendrix contends that Defendants failed to furnish the requisite documents despite her request. However, under the Wal-Mart Plan, the "Administrative Committee" is the administrator. None of the defendants in this suit is the administrator, and Mrs. Hendrix does not argue that she made a request for documents from the Administrative Committee. Accordingly, the district court correctly determined that Mrs. Hendrix failed to state a claim for penalties. *See Bannistor v. Ullman*, 287 F.3d 394, 407 (5th Cir. 2002).

With respect to Prudential, to the extent Mrs. Hendrix attempts to state a claim that Prudential violated 29 C.F.R. § 2560.503-1(h)(2)(iii), she does not plead that Prudential failed to provide her copies of the administrative record from which

---

1. The district court dismissed all claims against Wal-Mart and the Wal-Mart Plan for failure to state a claim. We review a district court's dismissal for failure to state a claim de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016) (quoting *Hines v. Alldredge*, 783 F.3d 197, 200–01 (5th Cir. 2015)). Dismissal is appropriate when a plaintiff fails to allege enough facts to state a claim that is plausible on its face. *Id.* A summary judgment is also reviewed de novo. *Guilbeau v. Hess Corp.*, 854 F.3d 310, 311 (5th Cir. 2017).

Prudential based its decision to deny benefits. Prudential is not under a duty to provide the records of employment she seeks. Mrs. Hendrix's conclusory alter-ego argument also fails.

■ Finally, Mrs. Hendrix's claim that she is entitled to equitable relief under 29 U.S.C. § 1132(a)(3) for the failure to produce documents also fails. Equitable relief is normally unavailable under ERISA "where Congress elsewhere provided adequate relief for a beneficiary's injury." *Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Here, Congress provided a statutory framework for the production of documents that includes a provision for penalties if the administrator fails to comply. 29 U.S.C. § 1132(c)(1); *see also Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because Tolson has adequate relief available for [a different subsection of 29 U.S.C. § 1132], relief through the application of section 1132(a)(3) would be inappropriate."). Mrs. Hendrix is thus not entitled to equitable relief on her failure to produce documents claim.

■ *Denial of Benefits.* Mrs. Hendrix also contends that Prudential abused its discretion in denying Mrs. Hendrix's claim to life insurance benefits. If an ERISA plan grants discretionary authority to determine benefits payouts, the denial of benefits is reviewed for an abuse of discretion. *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009). "A decision is arbitrary if it is 'made without a rational connection between the known facts and the decision.'" *Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 512 (5th Cir. 2010) (quoting *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999)). Here, the Wal-Mart Plan granted Prudential total authority to determine the payout of life insurance benefits. Mr. Hendrix passed away outside of the thirty-one days after his last day of work, and he did not convert his associate term life insurance policy into an individual life insurance policy in the time allowed under the Wal-Mart Plan. Therefore, Prudential's determination that Mrs. Hendrix was not entitled to Mr. Hendrix's life insurance benefits was neither arbitrary nor capricious.

Mrs. Hendrix nonetheless argues that Mr. Hendrix was still within a conversion period when he died. Under the Wal-Mart Plan, both basic and optional associate term life coverage ends when an employee no longer works at Wal-Mart. At that point in time, the Wal-Mart Plan allows an employee to convert their associate term life insurance benefits into an individual life insurance contract. In order to enact the conversion, a former employee:

> must apply for the individual contract and pay the first premium by the later of:
>
> (1) the thirty-first day after you cease to be insured for the Associate Term Life Insurance; and
>
> (2) the fifteenth day after you have been given written notice of the conversion privilege. But, in no event may you convert the insurance to an individual contract if you do not apply for the contract and pay the first premium prior to the ninety-second day after you cease to be insured for the Associate Term Life Insurance.

Aside from this conversion privilege, the Wal-Mart Plan allows a death benefit to be paid if a covered person dies both "(1) within 31 days after you cease to be a Covered Person; and (2) while entitled under [the section quoted above] to convert your Associate Term Life Insurance under this Coverage to an individual contract." The language in the policy that states that a death benefit "is payable even if you did

not apply for conversion" applies to the section defining whether an individual can received a death benefit during the conversion period. Mr. Hendrix did not qualify for this benefit because he passed away later than thirty-one days after he ceased to be a "Covered Person."

Similarly, the policy language providing a repose period of ninety-two days to convert an associate term life insurance policy did not apply to Mr. Hendrix. That language applies only in the event that Prudential did not send written notice of Mr. Hendrix's conversion privilege. Here, Prudential presented evidence that it provided written notice of Mr. Hendrix's right to convert on July 23, 2012, twelve days after he ceased to be insured for the associate term life insurance.[2] This evidence supports Prudential's findings of fact both that it gave notice of conversion and that Mr. Hendrix failed to respond within the requisite time period. Thus, the ninety-two-day repose period of the policy never came into play. Mrs. Hendrix's other arguments regarding the denial of benefits are without merit.

AFFIRMED.

---

2. Mrs. Hendrix cites no authority for the proposition that a notice of conversion (required only by the policy and not by ERISA) had to be sent by a means other than regular mail. Nor is the fact that Mr. Hendrix died at a location other than the place where the notice was sent conclusive evidence that the notice address was not his actual address.